*No.* 13.

BUCKMINSTER *against* INGHAM AND WIFE. *Caledonia*, 1819.

A declaration in case, on the *Statute*, by a creditor of an intestate, against defendant, for embezzling and alienating the goods and chattels of the deceased, held bad. The declaration should be against the defendants, as executors, generally.

*DECLARATION.* In a plea of the case—For this, that one Zenas Newell, of said Peacham, in his life-time, at said Peacham, on the following dates, made and executed to the plaintiff, five promissory notes ; (here the notes and the liability of Newell are set forth.) And now the plaintiff says that the said Zenas, afterwards, A. D. 1813, at said Peacham, died intestate, seized and possessed of goods, chattels, and rights, to the value of one hundred dollars, consisting of beds, bedding, tables, desks, and chairs, and other articles, which assets and chattels, as aforesaid, the said Catharine, wife of defendant, and then widow of the said Newell, deceased, in-testate, as aforesaid, seized, took, and secreted, in her posses-sion, and so continued to hold the said goods and chattels, be-longing to the estate of said Newell, deceased, as aforesaid, and neglected to take out letters of administration, nor has any other person taken out letters of administration, upon the es-tate of the said Zenas, and so the plaintiff says that the goods, and chattels, and assets, so left by the said Zenas Newell, in-testate, as aforesaid, remain not administered upon, nor has any administration been had upon the estate of the said Zenas Newell, so left, as aforesaid ; when, afterwards, in 1816, the said Oliver, the defendant, intermarried with the said Catharine, the widow of the said Zenas ; when the said Oliver and the said Catharine, defendants, together carried off, embezzled, and alienated to themselves, the said goods, chattels and assets, belonging to the estate of the said Zenas, deceased, as afore-said, described as above, to the value of one hundred dollars, and continue to hold the same goods and chattels, (belonging to the estate of said Zenas, and left by him, as aforesaid,) with-out administering upon the same. Whereupon, the plaintiff says that the said Oliver and Catharine, by so taking, embez-

zling, and alienating to themselves, the goods, chattels, and assets, belonging to the said Newell, and left by him, and not administered upon, as aforesaid, have become executors in their own wrong, and are liable to, and stand chargeable with, the debts of the said Newell, deceased, and so contracted by the said Newell, in his life-time, and then and still due to the plaintiff, and specified in the said five promissory notes, as by the force and provisions of a Statute law of this State, entitled, "An Act for the Probate of Wills and settlement of intestate estates," passed March 10, 1797, will appear, and being so liable to pay the debts of the said Newell, as aforesaid, an action hath accrued to the plaintiff, to have and recover of the defendants, in manner aforesaid, the amount of his demands and interest. Yet, &c. To the damage, &c. fifty-three dollars.

*Pleas.* 1. That Newell did not assume and promise.

2. That Newell did not assume and promise within six years.

3. That action did not accrue within six years.

4. That defendants were never executors.

The Court decided—That the declaration was insufficient. Executor in his own wrong, must be sued as executor generally. Our Statute does not vary the form of action against executors in their own wrong, it only declares what acts shall make them such, and defines the extent of their liability.

See Abatement 6.